IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| LORI ANN HOWARD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 117-080 |
| | ) | |
| | ) | |
| ALVENO ROSS and THE CITY | ) | |
| OF AUGUSTA RICHMOND | ) | |
| COUNTY GEORGIA COMMISSION, | ) | |
| | ) | |
| Defendants. | ) | |

_____

**MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**
_____

Plaintiff commenced the above-captioned employment discrimination case *pro se* and is proceeding *in forma pauperis* ("IFP"). Because she is proceeding IFP, Plaintiff's amended complaint must be screened to protect potential Defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972), but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. §§ 1915(e)(2)(B)(i) & (ii).

## I.    SCREENING OF THE COMPLAINT

### A.    BACKGROUND

Plaintiff was hired as a Senior Commercial Appraiser by the Richmond County Board of Assessor's office on June 10, 2013. (Doc. no. 1, p. 7.) Her supervisor, Chief Appraiser

Alveno Ross, began making payments into an office fund for Plaintiff and took Plaintiff to dinner "on occasion[]." (Id.) He also began making "derogatory" statements to Plaintiff, such as "'I want to do you'" and "'you dam [sic] look good.'" (Id.) Plaintiff told Ross to "stop . . . talking to [her] in that manner." (Id.) She also began informing human resources and equal employment opportunity ("EEO") directors of this treatment. (Id.)

After confronting Ross about his behavior, Plaintiff was subject to "humiliation and harassment" by Ross about her failure to pay into the office fund. (Id.) Beginning in March 2016, Ross began to exaggerate Plaintiff's time away from the office and falsify reports regarding the same to deprive Plaintiff of accrued vacation and sick leave. (Doc. no. 1, p. 8.) Ross also denied Plaintiff's properly filed leave requests without explanation. (Id.) Ross also attempted to prevent Plaintiff from being paid after she took a sick day, even though she is classified as an exempt employee. (Id.) Ross continued to falsify Plaintiff's time card, affecting the amount of leave time available to her. (Id.) Ross also caused Plaintiff to be unpaid and have her leave be taken while on medical leave under the Family and Medical Leave Act ("FMLA") in July of 2016. (Id.)

On December 5, 2016, Plaintiff submitted a leave request for two weeks of leave, ending on January 13, 2017, in order to assist with her daughter's high risk pregnancy. (Doc. no. 1, p. 9.) Plaintiff was still on FMLA leave at the time. (Id.) Ross suspended Plaintiff for three days due to "misconduct" without further explanation on January 17. (Id.) On January 23, Ross informed her she had been recommended for termination for being absent without leave. (Id.) She had not been informed prior to that notice she had been absent without leave. (Id.)

Plaintiff filed a charge with the United States Equal Employment Opportunity Commission ("EEOC"). The EEOC issued a right to sue notice on May 5, 2017, and Plaintiff timely filed this suit on July 12, 2017. (Id. at 10.)

## B.  DISCUSSION

### 1.  Legal Standard for Screening

The amended complaint or any portion thereof may be dismissed if it is frivolous, malicious, or fails to state a claim upon which relief may be granted, of if it seeks monetary relief from a defendant who is immune to such relief. See 28 U.S.C. § 1915(e)(2)(B). A claim is frivolous if it "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 327 (1989). Moreover, "[f]ailure to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard as dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6)." Wilkerson v. H & S, Inc., 366 F. App'x 49, 51 (11th Cir. 2010) (citing Mitchell v. Farcass, 112 F.3d 1483, 1490 (11th Cir. 1997)).

To avoid dismissal for failure to state a claim upon which relief can be granted, the allegations in the complaint must "state a claim for relief that is plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. While Rule 8(a) of the Federal Rules of Civil Procedure does not require detailed factual allegations, "it demands more than an unadorned, the defendant unlawfully-harmed-me accusation." Iqbal, 556 U.S. at 678. A complaint is insufficient if it

"offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" or if it "tenders 'naked assertions' devoid of 'further factual enhancement.'"  Id. (quoting Twombly, 550 U.S. at 555, 557).  In short, the complaint must provide a "'plain statement' possess[ing] enough heft to 'sho[w] that the pleader is entitled to relief.'"  Twombly, 550 U.S. at 557 (quoting Fed. R. Civ. P. 8(a)(2)).

Finally, the court affords a liberal construction to a *pro se* litigant's pleadings, holding them to a more lenient standard than those drafted by an attorney.  Haines v. Kerner, 404 U.S. 519, 520 (1972); Erickson v. Pardus, 551 U.S. 89, 94 (2007).  However, this liberal construction does not mean that the court has a duty to re-write the complaint.  Snow v. DirecTV, Inc., 450 F.3d 1314, 1320 (11th Cir. 2006).

### 2. Defendant Ross Should Be Dismissed.

Plaintiff has brought her Title VII claims against individual Defendant Ross in addition to the City of Augusta Richmond County Georgia Commission, her past employer.  However, the relief granted under Title VII is against the employer, not individual employees who violated the Act.  Busby v. City of Orlando, 931 F.2d 764, 772 (11th Cir. 1991).  Thus, individual capacity suits under Title VII are inappropriate, and the only proper defendant in a Title VII suit is the employer or supervisory employees in their official capacities as agents of the employer.  Id.  To the extent Plaintiff names Defendant Ross in his official capacity as a supervisory employee, her claims are redundant because she has already named her prospective employer, Defendant the City of Augusta Richmond County Georgia Commission.  Busby, 931 F.2d at 776; Wheeles v. Nelson's Elec. Motor Servs., 559 F. Supp. 2d 1260, 1267 (M.D. Ala. 2008) ("However, when a plaintiff names both the employer and the individual supervisor in his official

capacity, the supervisor may be dismissed from the action.").  Thus, Plaintiff's Title VII claims against Defendant Ross, in either capacity, are inappropriate or redundant and Defendant Ross should be dismissed.

## II.    CONCLUSION

For the reasons set forth above, the Court **REPORTS** and **RECOMMENDS** Defendant Ross be **DISMISSED** from this case.  In a companion Order, the Court has allowed Plaintiff's Title VII claims against Defendant the City of Augusta Richmond County Georgia Commission to proceed.

SO REPORTED AND RECOMMENDED this 28th day of August, 2017, at Augusta, Georgia.

BRIAN K. EPPS
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA