IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF GEORGIA
AUGUSTA DIVISION

LORI ANN HOWARD,　　　　　　　　*
　　　　　　　　　　　　　　　　　*
　　　Plaintiff,　　　　　　　　　*
　　　　　　　　　　　　　　　　　*
　　　v.　　　　　　　　　　　　　*　　CV 117-080
　　　　　　　　　　　　　　　　　*
THE CITY OF AUGUSTA RICHMOND 　　*
COUNTY GEORGIA COMMISSION,　　　 *
　　　　　　　　　　　　　　　　　*
　　　Defendant.　　　　　　　　　*

**O R D E R**

Plaintiff Lori Ann Howard brought this action alleging employment discrimination under Title VII of the Civil Rights Act of 1964. Presently pending before the Court is a motion to dismiss filed by Defendant Augusta, Georgia ("Defendant"), improperly identified as the City of Augusta Richmond County Georgia Commission.[1] Plaintiff has not filed any response to this motion during the ten months it has been pending before the Court. As such, the Court now deems the motion unopposed. L.R. 7.5, SDGa. ("[E]ach party opposing a motion shall serve and file a response within fourteen (14) days of service of the motion . . . . Failure to respond within the applicable time

---

[1] Augusta, Georgia is a consolidated government under Georgia law, combining the former City of Augusta and Richmond County governments. The legislative act creating the consolidated government, as amended, requires that any tort liability "of Augusta-Richmond County shall follow the law and rules of tort liability applicable to counties in Georgia." 1996 Ga. Laws p. 3607.

period shall indicate that there is no opposition to a motion."). For the reasons stated below, the Court **GRANTS** Defendant's Motion to Dismiss. (Doc. 18.)

## I. BACKGROUND

This case arises out of Plaintiff Lori Ann Howard's employment at the Richmond County Board of Tax Assessors ("Board of Tax Assessors"). Plaintiff alleges that during her employment as a Senior Commercial Appraiser, she was subject to sexual harassment, disability discrimination, retaliation from superiors, and wrongful termination. (Compl., Doc. 1, at 7).

In substance, Plaintiff alleges that her supervisor, Chief Appraiser Alveno Ross, made sexually derogatory comments to her and subjected her to "humiliation and harassment" for refusing to contribute to an "office fund," thereby creating a hostile work environment. (Id.) Around March 2016, Ross began exaggerating Plaintiff's leave from work, falsifying reports to deprive Plaintiff of accrued time off, and withholding pay that Plaintiff was entitled to while on sick leave. (Id. at 8.)

On December 5, 2016, Plaintiff submitted a leave request for two weeks off work between December 26th and January 13th. (Id. at 9.) Plaintiff needed the time off to care for her daughter, who was scheduled to give birth during a high risk pregnancy. (Id.) When Plaintiff returned to work in January,

2

Ross suspended her for three days and eventually terminated Plaintiff's employment on January 23, 2017. (Id.) The reason provided for the termination was violation of the policy against employee absence without leave. (Id.)

Thereafter, Plaintiff filed a charge with the Equal Employment Opportunity Commission ("EEOC"). The EEOC issued a right to sue notice and Plaintiff, proceeding pro se, timely filed this suit on July 12, 2017, initially naming the City of Augusta Richmond County Georgia Commission and Alveno Ross as Defendants. (Id. at 10.) Upon filing, Plaintiff's complaint was screened by the United States Magistrate Judge pursuant to 28 U.S.C. §§ 1915(e)(2)(B). The Magistrate Judge, liberally construing Plaintiff's pro se complaint as a Title VII claim, dismissed Defendant Ross from the case as an individual not subject to liability under Title VII. (R. & R., Doc. 8, at 4-5.) Subsequently, Defendant Augusta, Georgia filed a motion to dismiss arguing that it is not Plaintiff's employer, and therefore not liable, because the Board of Tax Assessors is a distinct entity with sole authority over its employees under Georgia law.

## II. LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) does not test whether the plaintiff will ultimately

3

prevail on the merits of the case. Rather, it tests the legal sufficiency of the complaint. Swierkiewicz v. Sorema N.A., 534 U.S. 506, 511 (2002) (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)). Therefore, the court must accept as true all facts alleged in the complaint and construe all reasonable inferences in the light most favorable to the plaintiff. See Hoffman-Pugh v. Ramsey, 312 F.3d 1222, 1225 (11th Cir. 2002).

The court, however, need not accept the complaint's legal conclusions as true, only its well-pled facts. Ashcroft v. Iqbal, 556 U.S. 662 (2009). A complaint also must "contain sufficient factual matter, accepted as true, 'to state a claim to relief that is plausible on its face.'" Id. at 678 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The plaintiff is required to plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. Although there is no probability requirement at the pleading stage, "something beyond . . . mere possibility . . . must be alleged." Twombly, 550 U.S. at 556-57 (citing Durma Pharm., Inc. v. Broudo, 544 U.S. 336, 347 (2005)).

### III. DISCUSSION

Defendant's primary contention in its motion to dismiss is that it is not Plaintiff's employer and therefore cannot be

liable under Title VII.[2] Under Title VII, an "employer" is a person engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks. 42 U.S.C. § 2000e(b). It is unlawful for "an employer . . . to discharge any individual, or otherwise discriminate against any individual . . . because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a). Thus, it is axiomatic that a plaintiff proceeding under Title VII must name her employer as a defendant.

In Georgia, a county board of tax assessors is a separate and independent entity from the county commission or other governing authority. Georgia law established a comprehensive system for the equalization of property taxes by creating a uniform statewide administrative scheme executed by a board of tax assessors in each county. O.C.G.A. §§ 48-5-260(1), -290(a). Under this framework, the Georgia Supreme Court held that "in all matters dealing with county tax appraisers it is the board of tax assessors and not the board of commissioners which acts as 'the governmental board [which] has the authority to act for the county.'" Chambers v. Fulford, 495 S.E.2d 6, 7 (Ga. 1998)

---

[2] To the extent that Plaintiff's pro se complaint could be construed as also bringing a discrimination claim under 42 U.S.C. § 1983, the analysis for that claim would mirror the analysis under Title VII because the elements for the two causes of action are the same. Richards v. Leeds Police Dep't, 71 F.3d 801, 805 (11th Cir. 1995).

5

(quoting Spell v. Blalock, 254 S.E.2d 842, 844 (Ga. 1979)); see also Ballard v. Chattooga Cnty. Bd. of Tax Assessors, 615 F. App'x 621, 623 n.1 (11th Cir. 2015) (per curiam) ("The boards of assessors are subject to extensive controls from the state level, but little to no control by the local county government.").

A board of tax assessors's authority naturally extends to employment matters with its tax appraisers. Georgia law provides that the board of tax assessors has the authority to hire and fire tax appraisers and enter into contracts with them. O.C.G.A. § 48-5-298(a);[3] Chambers, 495 S.E.2d at 7. Although county funds are used to compensate tax appraisers,[4] county commissions have little control over the terms of tax appraisers' employment. Ballard, 615 F. App'x at 624 ("[I]t is the Board — not the County — that has 'control over the fundamental aspects of the employment relationships' with respect to [tax appraisers]." (quoting Lyes v. City of Riviera Beach, Fla., 166 F.3d 1332, 1345 (11th Cir. 1999))).

Consistent with the statutory scheme, the board of tax assessors — not the county commission — is considered to be the employer of tax appraisers for the purposes of Title VII.

---

[3] Although the statute contemplates approval of tax appraisers' contracts by the county governing authority, the Georgia Supreme Court has repeatedly held that the board of tax assessors is vested with authority in dealing with all matters related to county tax appraisers. Chambers, 495 S.E.2d at 8; Spell, 254 S.E.2d at 844.
[4] O.C.G.A. § 48-5-263(c).

6

Ballard, 615 F. App'x at 624. Moreover, the Eleventh Circuit has explicitly held that a board of assessors and a county government cannot be aggregated into a single employer under Title VII. Id. at 623 (finding plaintiff could not overcome the Lyes presumption that governmental subdivisions considered separate and distinct under state law should not be aggregated under Title VII).

Accordingly, Plaintiff's employer for the purposes of her Title VII claim is the Richmond County Board of Tax Assessors. As such, Defendant, being a separate governing body from the Board of Tax Assessors, cannot be held liable under Title VII because it is not Plaintiff's employer. See Ballard, 615 F. App'x at 624.

The Court recently addressed this same issue in Garner v. Ross, 2016 WL 1241521 (S.D. Ga. March 28, 2016), in which a tax appraiser brought a Title VII claim against the county commission and the board of tax assessors. Id. at *1. The Court, following the above cited Georgia Supreme Court and Eleventh Circuit precedent, found the county was not the plaintiff's employer for the purposes of Title VII. Id. at *3. Moreover, although the plaintiff named the board of tax assessors as a defendant, it did not meet the fifteen employee numerosity requirement of Title VII nor could the board and the county be aggregated to meet the requirement. Id. at *4 (citing

7

Lyes, 166 F.3d at 1345; Ballard, 615 F. App'x at 624-25). The same reasoning applies here, and Plaintiff has presented no arguments to persuade the Court to hold otherwise. Accordingly, Plaintiff's claims against Defendant should be dismissed.

### IV. CONCLUSION

For the above reasons, **IT IS HEREBY ORDERED** that Defendant Augusta, Georgia's motion to dismiss (doc. 18) is **GRANTED**. Plaintiff's claims against Defendant are **DISMISSED WITH PREJUDICE**, and the Clerk is **DIRECTED** to **CLOSE** this case.

**ORDER ENTERED** at Augusta, Georgia, this 11th day of September, 2018.

*/s/ J. Randal Hall*
J. RANDAL HALL, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA